IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRICK L. CRAWFORD, #215796, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-560-MHT |
| | ) | |
| RAY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Cedrick L. Crawford ("Crawford"), a state inmate currently confined at the Fountain

Correctional Facility, on July 31, 2015.[1]  In the complaint, Crawford alleges that in August

of 2007, the defendants, who are officers with the Lee County Sheriff's Department,

conspired to deprive him of his property without a warrant.  *Complaint - Doc. No. 1* at 2.

Specifically, Crawford complains that "[o]n or about August 2007, defendants Smith and

Jackson acting in concert confiscated Plaintiff['s] Aviator vehicle arbitrarily without a

warrant as required by law and arbitrarily forced Plaintiff to pay $700.00 plus to get his

vehicle back." *Id*. at 3.  Crawford did not submit the $350 filing fee or $50 administrative

---

[1]The Clerk stamped the complaint "received" on August 4, 2015.  Crawford verified the
complaint on July 31, 2015 and, therefore, this is the earliest date he could have placed the complaint in
the prison mail system.  *Complaint - Doc. No. 1* at 4.  A *pro se* inmate's complaint is deemed filed the
date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988);
*Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780
(11th Cir. 1993).  Thus, the court considers July 31, 2015 as the date of filing.

fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 2*.  In support of this request, Crawford provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Crawford and pursuant to 28 U.S.C. § 1915(b)(1)(A), the court determined that Crawford owed an initial partial filing fee of $72.00.  *Order of August 7, 2015 - Doc. No. 3* at 1-2.  The court therefore ordered Crawford to pay the initial partial filing fee on or before August 24, 2015. *Id*. at 2. In addition, this order specifically informed Crawford "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Crawford] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Crawford that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances

exist." *Id*.

Crawford has failed to pay the initial partial filing fee within the time allowed by this court. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11ᵗʰ Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11ᵗʰ Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.[2]

It is further

ORDERED that on or before September 29, 2015, the plaintiff may file objections to the Recommendation. Any objection must specifically identify the findings in the

---

[2] The plaintiff is advised that even had he paid the initial partial filing fee, this case would be subject to summary dismissal with prejudice as the claims presented in the complaint are barred by the statute of limitations relevant to a 42 U.S.C. § 1983 action filed in this court. *McNair v. Allen*, 515 F.3d 1168, 1173 (11ᵗʰ Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. *Ala. Code* § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11ᵗʰ Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.").

Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 15th day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

4